UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-051S |
| | ) | |
| RIGOBERTO LOPEZ-FUENTES | ) | |

MOTION FOR DOWNWARD DEPARTURE

Now comes Rigoberto Lopez-Fuentes, the Defendant in the above captioned matter, and moves this Honorable Court to depart downward from the advisory guideline range suggested in the presentence report ("PSR") pursuant to U.S.S.G. § 4A1.3(b)(1). As grounds thereto, Mr. Lopez asserts that the advisory sentencing guidelines overstate the seriousness of his criminal record. Mr. Lopez also submits the attached memorandum.

Respectfully submitted
Rigoberto Lopez-Fuentes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation Officer, and Sandra Beckner, Assistant United States Attorney, on November 21, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-051S |
| | ) | |
| RIGOBERTO LOPEZ-FUENTES | ) | |

---

MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

Rigoberto Lopez-Fuentes, the Defendant in the above captioned matter, has moved this Court to depart downward pursuant to U.S.S.G. § 4A1.3(b)(1), because the advisory sentencing guidelines overstate the seriousness of his criminal record of convictions. The probation department has correctly compiled Mr. Lopez's criminal record and assigned points as prescribed by the guidelines. According to the calculation in the PSR, Mr. Lopez has a criminal history category of IV based on 6 points from two 1993 convictions and 2 additional points from a 2006 conviction. Section 4A1.3(b)(1) states:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

Mr. Lopez's situation falls squarely within this definition. A downward departure under this section of the guidelines is not subject to any *heartland* analysis.

Mr. Lopez acquired a significant drug habit in the 1980's which blossomed into criminal behavior in the 1990's. His habit and conduct came to a head when he was arrested twice within several months for cocaine related crimes. In October, 1992, he was placed on probation for possessing .24 grams of cocaine. He was known to police as an addict. In May, 1993, he was arrested for selling a $20 bag of cocaine, .22 grams, to a confidential informant. His probation was violated and Mr. Lopez received a four year jail sentence for both incidents. Despite the remote

nature of these convictions, the effect of these convictions is 6 criminal history points.[1] Mr. Lopez returned to the United States after ten years in Guatemala and sustained a conviction for possessing a fake resident alien identification card (which happened to be in his own name). That conviction added 2 points to the criminal history calculation.

While Mr. Lopez's convictions are for felony offenses, his drug convictions are over 14 years old. Further they are minor drug offenses directly connected with Mr. Lopez's drug addiction at the time. Since that time he has been able to rehabilitate himself by effectively combatting his drug problem with the help of faith and family in Guatemala, and becoming a hardworking member of society. He also married and became a father. He returned to the United States for economic reasons. His return to the United States laid the groundwork for this offense and his false document charge, but those offenses in reality are intertwined and not indicative of a return to criminal and destructive behavior. In fact, he has been consistently employed at a relatively high level since his return. All of the facts and circumstances of Mr. Lopez's background well support the notion that Mr. Lopez is not fairly classified as a category IV criminal, nor that he presents a high likelihood of reoffending .

For all of these reasons the Court should find that the guidelines overstate the seriousness of Mr. Lopez's criminal convictions and depart downward.

Respectfully submitted
Rigoberto Lopez-Fuentes
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

---

[1] The second conviction also serves as the predicate for the 16 point offense level enhancement under U.S.S.G. § 2L1.2.

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation Officer, and Sandra Beckner, Assistant United States Attorney, on November 21, 2007.

/s/ Kevin J. Fitzgerald